UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bruce Justin Partridge, | Case No. 23-CV-0717 (JRT/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Beltrami County; Sheriff Dept.; and Calandra Allen, | |
| Respondents. | |

Petitioner Bruce Justin Partridge was convicted of domestic assault by strangulation and first-degree damage to property in separate criminal proceedings in Minnesota state court. *See State v. Partridge*, No. 04-CR-22-0792 (Minn. Dist. Ct.); *State v. Partridge*, No. 04-CR-22-2119 (Minn. Dist. Ct.). Partridge received a stayed term of imprisonment for each offense, conditional on his acting lawfully thereafter. In ongoing proceedings concerning the revocation of that conditional release, the State of Minnesota is now seeking imposition of the stayed terms of imprisonment. Partridge claims in the petition for a writ of habeas corpus now before the Court both that his initial convictions for domestic assault by strangulation and first-degree damage to property were unlawful and that the ongoing revocation proceedings are also unlawful.

1

This Court has reviewed the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] After review, this Court concludes that the entirety of the petition should be denied for failure to exhaust remedies in the state courts.

Insofar as Partridge challenges the legality of his convictions, judgment has become final in those proceedings, and Partridge's habeas petition is therefore governed by 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a). Among the requirements of § 2254 is that

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)
>> (i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The United States Supreme Court has explained this requirement as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his

---

[1] As explained below, Partridge's petition is only partly governed by 28 U.S.C. § 2254. The Rules Governing Section 2254 Cases may nevertheless be applied to the entirety of the petition. *See* Rule 1(b).

> claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations and quotation marks omitted). A claim has been "fairly presented" to the state courts if "the state court rules on the merits of [the petitioner's] claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). In Minnesota, fair presentation requires presentation to the Minnesota Supreme Court. *See, e.g.*, *Latimer v. Smith*, 351 F. Supp. 3d 1218, 1224 (D. Minn. 2018).

Partridge plainly did not fulfill the exhaustion requirement of § 2254(b)(1), as he did not file a notice of appeal from either of his convictions, much less pursue his claims up through review before the Minnesota Supreme Court. Moreover, there is no obvious reason why Partridge—who was represented by counsel in both cases—could not have done so; at no point was the state appellate process foreclosed to Partridge. This aspect of Partridge's habeas petition should therefore be dismissed pursuant to § 2254(b)(1).

As explained above, however, Partridge also challenges the legality of ongoing probationary proceedings. Because no judgment has been entered with respect to those specific proceedings, Partridge is not "in custody pursuant to the judgment of a State court" because of the revocation proceedings, 28 U.S.C. § 2254(a), and the statutory exhaustion requirement of § 2254(b) does not apply to that aspect of his petition.

Nevertheless, the Court should decline to reach the merits of Partridge's claims attacking the legality of the revocation proceedings until the Minnesota state courts have

3

had the opportunity to adjudicate those claims. "Even though the statutory language of [28 U.S.C.] § 2241(c)(3) does not contain an exhaustion requirement . . . 'federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'" *Eremy v. Ramsey County, Minnesota*, No. 17-cv-0083 (WMW/KMM), 2017 WL 3432067, at *1 (D. Minn. Apr. 21, 2017) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)). "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes . . . ." *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974).

No such "extraordinarily circumstances" exist in this case. Partridge may present each of his claims for relief attacking the legality of the revocation proceedings in the Minnesota state appellate courts through a petition for a writ of habeas corpus. *See Harju v. Fabian*, No. A05-1820, 2006 WL 2255898, at *1 (Minn. Ct. App. Aug. 8, 2006) (citing *State v. Schwartz*, 628 N.W.2d 134, 141 n.3 (Minn. 2001)). Partridge has not yet even initiated this process, much less completed it, and there is no obvious reason why Partridge should be permitted to "short-circuit the state-court criminal process by jumping immediately to federal habeas review." *Hill v. Minnesota*, No. 22-CV-3101 (MJD/DTS), 2023 WL 2795685, at *1 (D. Minn. Jan. 5, 2023).

Accordingly, this Court concludes that the entirety of Partridge's habeas petition should be denied without prejudice for failure first to exhaust state remedies. Two other matters merit brief comment. First, Partridge has applied for *in forma pauperis* status ("IFP") in this proceeding. *See* Dkt. No. 2. Partridge undoubtedly qualifies financially for

4

IFP status, but an IFP application must be denied where a habeas petitioner is denied relief at the outset of the case. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Because it is recommended that Partridge's habeas petition be summarily denied, it is further recommended that his IFP application also be denied. Second, an appeal cannot be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); *see also Evans v. Circuit Ct. of Cook County*, 569 F.3d 665, 666 (7th Cir. 2009); (holding that state-pretrial detainees must procure a COA to appeal a final habeas order). This Court does not believe that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that Partridge has not yet exhausted available remedies for his claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Partridge therefore should not be granted a COA.

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Bruce Justin Partridge [Dkt. No. 1] be **DENIED WITHOUT PREJUDICE**.

2. This case be **DISMISSED**.

3. Partridge's application to proceed *in forma pauperis* [Dkt. No. 2] be **DENIED**.

4. No certificate of appealability be issued.


Dated: April__17__, 2023            _____s/ Tony N. Leung_____
                                    Tony N. Leung
                                    United States Magistrate Judge
                                    District of Minnesota

                                    *Partridge v. Beltrami County et al.*
                                    Case No. 23-cv-717 (JRT/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).